1 | **SIMPSON THACHER & BARTLETT LLP**
GEORGE M. NEWCOMBE (Bar No. 202898)
2 | JEFFREY E. OSTROW (Bar No. 213118)
3330 Hillview Avenue
3 | Palo Alto, CA 94304
Telephone: (650) 251-5000
4 | Facsimile: (650) 251-5002

5 | **SUGHRUE MION, PLLC**
ROBERT M. MASTERS (pro hac vice application filed herewith)
6 | CARL J. PELLEGRINI (pro hac vice application filed herewith)
2100 Pennsylvania Avenue, N.W.
7 | Washington, D.C. 20037
Telephone: (202) 293-7060
8 | Facsimile: (202) 293-7860

9 | *Attorneys for NEC Corporation*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEC CORPORATION, a Japanese Corporation, Plaintiff, v. HARRIS CORPORATION, a Delaware Corporation, Defendant. | Case No. C 04 3736 WDB<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff NEC Corporation ("NEC"), by and through its attorneys, brings this action seeking monetary damages and injunctive relief against Defendant, Harris Corporation ("Harris"), to remedy Harris's willful and wanton infringement and the harm caused thereby of seven United States patents owned by NEC. NEC further seeks a declaratory judgment against four United States patents allegedly owned by Harris. NEC, for its Complaint against Harris, alleges as follows:

## PARTIES

1. Plaintiff, NEC Corporation, is a corporation organized and existing under the laws of Japan, with a principal place of business at 7-1, Shiba 5-chome, Minato-ku, Tokyo, Japan 108-8001.

2. Defendant, Harris Corporation, is a corporation organized and existing under the laws of Delaware, with a principal place of business at 1025 West NASA Boulevard, Melbourne, Florida. Through its Microwave Communications Division in Redwood Shores, California, Harris maintains offices and operations within this Judicial District.

## JURISDICTION AND VENUE

3. This is an action arising under the patents laws of the United States. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a) and pursuant to 28 U.S.C. §§2201 and 2202.

4. Harris is doing business within the United States, including this Judicial District, by selling and/or offering to sell its products directly or through other intermediaries in this Judicial District and throughout the United States. Harris purposefully avails itself to this forum at least by having the operational headquarters of its Microwave Communications Division in Redwood Shores, CA.

5. Accordingly, this Court has personal jurisdiction over the parties, pursuant to Fed. R. Civ. P. 4(k)(1)(A).

6. Venue is properly vested in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL ALLEGATIONS

7. United States Patent No. 4,823,363 ("the '363 Patent"), entitled *Phase-Locked Clock Regeneration Circuit for Digital Transmission Systems*, was duly and lawfully issued on April 18, 1989. A true and correct copy of the '363 Patent is attached hereto as Exhibit A. NEC is the current owner of all rights, title and interest in the '363 Patent.

8. United States Patent No. 4,965,536 ("the '536 Patent"), entitled *Quadrature Amplitude Modulation System Using Digital Filters*, was duly and lawfully issued on October 23, 1990. A true and correct copy of the '536 Patent is attached hereto as Exhibit B. NEC is the current owner of all rights, title and interest in the '536 Patent.

9. United States Patent No. 4,549,142 ("the '142 Patent"), entitled *Phase Demodulator Including Variable Phase Shifter for Controlling Reference Carrier*, was duly and lawfully issued on October 22, 1985. A true and correct copy of the '142 Patent is attached hereto as Exhibit C. NEC is the current owner of all rights, title and interest in the '142 Patent.

10. United States Patent No. 4,961,190 ("the '190 Patent"), entitled *(1+N) Hitless Channel Switching System*, was duly and lawfully issued on October 2, 1990. A true and correct copy of the '190 Patent is attached hereto as Exhibit D. NEC is the current owner of all rights, title and interest in the '190 Patent.

11. United States Patent No. 4,901,369 ("the '369 Patent"), entitled *Microwave Transmitter/Receiver Apparatus*, was duly and lawfully issued on February 3, 1988. A true and correct copy of the '369 Patent is attached hereto as Exhibit E. NEC is the current owner of all rights, title and interest in the '369 Patent.

12. United States Patent No. 4,631,488 ("the '488 Patent"), entitled *QAM Demodulator with Distortion Compensation*, was duly and lawfully issued on December 23, 1986. A true and correct copy of the '488 Patent is attached hereto as Exhibit F. NEC is the current owner of all rights, title and interest in the '488 Patent.

13. United States Patent No. 5,825,828 ("the '828 Patent"), entitled *Method and Apparatus for Multi-level Quadrature Amplitude Modulation*, was duly and lawfully issued on October 20, 1998. A true and correct copy of the '828 Patent is attached hereto as Exhibit G.

NEC is the current owner of all rights, title and interest in the '828 Patent.

14. During the course of negotiations between NEC and Harris in 2003 and 2004, Harris has alleged that NEC's products have infringed and are infringing the following Harris United States Patents Nos.: 5,910,965 ("the '965 Patent"), 6,188,277 ("the '277 Patent"), 5,742,646 ("the '646 Patent") and 5,828,699 ("the '699 Patent").

## FIRST COUNT

### (Infringement of the '363 Patent)

15. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

16. NEC is informed and believes, and based thereon avers, that Harris has infringed and continues to infringe the '363 Patent by manufacturing, marketing, using, selling, offering for sale, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, at least the MegaStar®, which embodies, or when used, practices one or more claims of the '363 Patent and by otherwise contributing to infringement and inducing others to infringe the '363 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

17. NEC is informed and believes, and based thereon avers, that Harris will continue to infringe the '363 Patent unless enjoined by this Court.

18. NEC has given notice in writing to Harris of its infringement of the '363 Patent at least as early as August 2002.

19. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '363 Patent is, has been and continues to be willful and deliberate, and without regard for NEC's rights in the '363 Patent.

20. As a direct and proximate result of Harris's infringement of the '363 Patent, NEC has been and continues to be damaged in an amount yet to be determined.

21. By reason of the above acts, Harris has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause NEC great and irreparable injury to, among other things, the good will and business reputation of NEC and its business relations with its customers, all of which cannot be adequately compensated or measured monetarily. NEC has no adequate

remedy at law. NEC is entitled, in addition to monetary damages, to injunctive relief enjoining and restraining Harris, and its respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '363 Patent.

### SECOND COUNT

#### (Infringement of the '536 Patent)

22. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

23. NEC is informed and believes, and based thereon avers, that Harris has infringed and continues to infringe the '536 Patent by manufacturing, marketing, using, selling, offering for sale, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, at least the MegaStar®, which embodies, or when used, practices one or more claims of the '536 Patent and by otherwise contributing to infringement and inducing others to infringe the '536 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

24. NEC is informed and believes, and based thereon avers, that Harris will continue to infringe the '536 Patent unless enjoined by this Court.

25. NEC has given notice in writing to Harris of its infringement of the '536 Patent at least as early as August 2002.

26. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '536 Patent is, has been and continues to be willful and deliberate, and without regard for NEC's rights in the '536 Patent.

27. As a direct and proximate result of Harris's infringement of the '536 Patent, NEC has been and continues to be damaged in an amount yet to be determined.

28. By reason of the above acts, Harris has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause NEC great and irreparable injury to, among other things, the good will and business reputation of NEC and its business relations with its customers, all of which cannot be adequately compensated or measured monetarily. NEC has no adequate remedy at law. NEC is entitled, in addition to monetary damages, to injunctive relief enjoining and restraining Harris, and its respective officers, agents, servants, and employees, and all persons

acting in concert with them, and each of them, from further infringement of the '536 Patent.

## THIRD COUNT

### (Infringement of the '142 Patent)

29. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

30. NEC is informed and believes, and based thereon avers, that Harris has infringed the '142 Patent by manufacturing, marketing, using, selling, offering for sale, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, at least the MegaStar®, which embodies, or when used, practices one or more claims of the '142 Patent and by otherwise contributing to infringement and inducing others to infringe the '142 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

31. NEC has given notice in writing to Harris of its infringement of the '142 Patent at least as early as August 2002.

32. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '142 Patent has been willful and deliberate, and without regard for NEC's rights in the '142 Patent.

33. As a direct and proximate result of Harris's infringement of the '142 Patent, NEC has been damaged in an amount yet to be determined.

## FOURTH COUNT

### (Infringement of the '190 Patent)

34. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

35. NEC is informed and believes, and based thereon avers, that Harris has infringed and continues to infringe the '190 Patent by manufacturing, marketing, using, selling, offering for sale, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, at least the MegaStar® and MicroStar®, all of which embody, or when used, practice one or more claims of the '190 Patent and by otherwise contributing to infringement and inducing others to infringe the '190 Patent in violation of 35 U.S.C. § 271(a), (b)

and (c).

36. NEC is informed and believes, and based thereon avers, that Harris will continue to infringe the '190 Patent unless enjoined by this Court.

37. NEC has given notice in writing to Harris of its infringement of the '190 Patent at least as early as August 2002.

38. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '190 Patent is, has been and continues to be willful and deliberate, and without regard for NEC's rights in the '190 Patent.

39. As a direct and proximate result of Harris's infringement of the '190 Patent, NEC has been and continues to be damaged in an amount yet to be determined.

40. By reason of the above acts, Harris has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause NEC great and irreparable injury to, among other things, the good will and business reputation of NEC and its business relations with its customers, all of which cannot be adequately compensated or measured monetarily. NEC has no adequate remedy at law. NEC is entitled, in addition to monetary damages, to injunctive relief enjoining and restraining Harris, and its respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '190 Patent.

**FIFTH COUNT**

**(Infringement of the '369 Patent)**

41. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

42. NEC is informed and believes, and based thereon avers, that Harris has infringed and continues to infringe the '369 Patent by manufacturing, marketing, using, selling, offering for sale, importing, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, the MicroStar®, the Galaxy™ and TRuepoint™, all of which embody, or when used, practice one or more claims of the '369 Patent and by otherwise contributing to infringement and inducing others to infringe the '369 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

43. NEC is informed and believes, and based thereon avers, that Harris will continue to infringe the '369 Patent unless enjoined by this Court.

44. NEC has given notice to Harris of its infringement of the '369 Patent at least as early as December 2003.

45. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '369 Patent is, has been and continues to be willful and deliberate, and without regard for NEC's rights in the '369 Patent.

46. As a direct and proximate result of Harris's infringement of the '369 Patent, NEC has been and continues to be damaged in an amount yet to be determined.

47. By reason of the above acts, Harris has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause NEC great and irreparable injury to, among other things, the good will and business reputation of NEC and its business relations with its customers, all of which cannot be adequately compensated or measured monetarily. NEC has no adequate remedy at law. NEC is entitled, in addition to monetary damages, to injunctive relief enjoining and restraining Harris, and its respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '369 Patent.

## SIXTH COUNT

### (Infringement of the '488 Patent)

48. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

49. NEC is informed and believes, and based thereon avers, that Harris has infringed and continues to infringe the '488 Patent by manufacturing, marketing, using, selling, offering for sale, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, at least the MegaStar®, which embodies, or when used, practices one or more claims of the '488 Patent and by otherwise contributing to infringement and inducing others to infringe the '488 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

50. NEC is informed and believes, and based thereon avers, that Harris will continue to infringe the '488 Patent unless enjoined by this Court.

51. NEC has given notice in writing to Harris of its infringement of the '488 Patent at least as early as August 2002.

52. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '488 Patent is, has been and continues to be willful and deliberate, and without regard for NEC's rights in the '488 Patent.

53. As a direct and proximate result of Harris's infringement of the '488 Patent, NEC has been and continues to be damaged in an amount yet to be determined.

54. By reason of the above acts, Harris has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause NEC great and irreparable injury to, among other things, the good will and business reputation of NEC and its business relations with its customers, all of which cannot be adequately compensated or measured monetarily. NEC has no adequate remedy at law. NEC is entitled, in addition to monetary damages, to injunctive relief enjoining and restraining Harris, and its respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '488 Patent.

## SEVENTH COUNT

### (Infringement of the '828 Patent)

55. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

56. NEC is informed and believes, and based thereon avers, that Harris has infringed and continues to infringe the '828 Patent by manufacturing, marketing, using, selling, offering for sale, distributing, assembling, installing and/or servicing in the United States its products including, but not limited to, at least the Constellation®, which embodies, or when used, practices one or more claims of the '828 Patent and by otherwise contributing to infringement and inducing others to infringe the '828 Patent in violation of 35 U.S.C. § 271(a), (b) and (c).

57. NEC is informed and believes, and based thereon avers, that Harris will continue to infringe the '828 Patent unless enjoined by this Court.

58. NEC has given notice in writing to Harris of its infringement of the '828 Patent at least as early as July 2004.

59. NEC is informed and believes, and based thereon avers, that Harris's infringement of the '828 Patent is, has been and continues to be willful and deliberate, and without regard for NEC's rights in the '828 Patent.

60. As a direct and proximate result of Harris's infringement of the '828 Patent, NEC has been and continues to be damaged in an amount yet to be determined.

61. By reason of the above acts, Harris has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause NEC great and irreparable injury to, among other things, the good will and business reputation of NEC and its business relations with its customers, all of which cannot be adequately compensated or measured monetarily. NEC has no adequate remedy at law. NEC is entitled, in addition to monetary damages, to injunctive relief enjoining and restraining Harris, and its respective officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '828 Patent.

### EIGHTH COUNT

#### (Declaratory Judgment re: the '965 Patent)

62. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

63. This is a claim against Harris for a declaratory judgment that the '965 Patent has not been and is not infringed by NEC and that the '965 Patent is invalid.

64. NEC is informed and believes, and based thereon avers, that Harris is the owner of the '965 Patent.

65. During the course of licensing negotiations between NEC and Harris in 2003 and 2004, Harris has alleged that NEC's products have infringed and are infringing the '965 Patent. Harris's statements and actions have created on the part of NEC a real apprehension and belief that NEC imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Harris to infringe the '965 Patent.

66. Accordingly, a valid and justifiable controversy has arisen and exists between NEC and Harris. NEC desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with NEC's foregoing contentions. Such a

determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity, enforceability and infringement of the '965 Patent.

67. NEC has not infringed and is not infringing the claims of the '965 Patent.

68. The '965 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

69. NEC requests a judgment declaring that NEC has not infringed and is not infringing the '965 Patent, and declaring the '965 Patent invalid and unenforceable.

### NINTH COUNT

### (Declaratory Judgment re: the '277 Patent)

70. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

71. This is a claim against Harris for a declaratory judgment that the '277 Patent has not been and is not infringed by NEC and that the '277 Patent is invalid.

72. NEC is informed and believes, and based thereon avers, that Harris is the owner of the '277 Patent.

73. During the course of licensing negotiations between NEC and Harris in 2003 and 2004, Harris has alleged that NEC's products have infringed and are infringing the '277 Patent. Harris's statements and actions have created on the part of NEC a real apprehension and belief that NEC imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Harris to infringe the '277 Patent.

74. Accordingly, a valid and justifiable controversy has arisen and exists between NEC and Harris. NEC desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with NEC's foregoing contentions. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity, enforceability and infringement of the '277 Patent.

75. NEC has not infringed and is not infringing the claims of the '277 Patent.

COMPLAINT                                                        11

76. The '277 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

77. NEC requests a judgment declaring that NEC has not infringed and is not infringing the '277 Patent, and declaring the '277 Patent invalid and unenforceable.

### TENTH COUNT

**(Declaratory Judgment re: the '646 Patent)**

78. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

79. This is a claim against Harris for a declaratory judgment that the '646 Patent has not been and is not infringed by NEC and that the '646 Patent is invalid.

80. NEC is informed and believes, and based thereon avers, that Harris is the owner of the '646 Patent.

81. During the course of licensing negotiations between NEC and Harris in 2003 and 2004, Harris has alleged that NEC's products have infringed and are infringing the '646 Patent. Harris's statements and actions have created on the part of NEC a real apprehension and belief that NEC imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Harris to infringe the '646 Patent.

82. Accordingly, a valid and justifiable controversy has arisen and exists between NEC and Harris. NEC desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with NEC's foregoing contentions. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity, enforceability and infringement of the '646 Patent.

83. NEC has not infringed and is not infringing the claims of the '646 Patent.

84. The '646 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

85. NEC requests a judgment declaring that NEC has not infringed and is not infringing the '646 Patent, and declaring the '646 Patent invalid and unenforceable.

COMPLAINT 12

## ELEVENTH COUNT

### (Declaratory Judgment re: the '699 Patent)

86. NEC incorporates by reference the allegations set forth in Paragraphs 1-14 of this Complaint as though fully set forth herein.

87. This is a claim against Harris for a declaratory judgment that the '699 Patent has not been and is not infringed by NEC and that the '699 Patent is invalid.

88. NEC is informed and believes, and based thereon avers, that Harris is the owner of the '699 Patent.

89. During the course of licensing negotiations between NEC and Harris in 2003 and 2004, Harris has alleged that NEC's products have infringed and are infringing the '699 Patent. Harris's statements and actions have created on the part of NEC a real apprehension and belief that NEC imminently will be faced with an infringement suit if it continues to manufacture and/or sell the products claimed by Harris to infringe the '699 Patent.

90. Accordingly, a valid and justifiable controversy has arisen and exists between NEC and Harris. NEC desires a judicial determination and declaration of the respective rights and duties of the parties herein in accordance with NEC's foregoing contentions. Such a determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties regarding the validity, enforceability and infringement of the '699 Patent.

91. NEC has not infringed and is not infringing the claims of the '699 Patent.

92. The '699 Patent is invalid for failure to meet the conditions for patentability specified in 35 U.S.C. § 101 *et seq.*

93. NEC requests a judgment declaring that NEC has not infringed and is not infringing the '699 Patent, and declaring the '699 Patent invalid and unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, NEC Corporation requests that this Court:

a) Declare the '363, '536, '142, '190, '369, '488 and '828 Patents to be valid and enforceable;

b) Declare that Harris infringes and/or has infringed the '363, '536, '142, '190, '369, '488 and '828 Patents;

c) Declare that Harris's infringement of the '363, '536, '142, '190, '369, '488 and '828 Patents (i) with respect to the '363, '536, '190, '369, '488 and '828 Patents, has been and continues to be willful and deliberate, and (ii) with respect to the '142 Patent, was willful and deliberate;

d) Award NEC a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Harris, its officers, agents, servants, employees, successors, assigns and all other persons acting in concert or participation with them, from further infringement of the '363, '536, '190, '369, '488 and '828 patents;

e) Award NEC damages from Harris to compensate NEC for Harris's infringement, including preliminary and post-judgment interests and cost, pursuant to 35 U.S.C. § 284, first paragraph;

f) Award NEC treble damages based on the willfulness of Harris's infringement, pursuant to 35 U.S.C. § 284, second paragraph;

g) Declare the '965, '277, '646 and '699 patents to be invalid and unenforceable;

h) Declare that NEC does not infringe the '965, '277, '646 and '699 patents;

i) Declare this case to be exceptional and award NEC its reasonable attorney fees, disbursements, and costs in accordance with the provisions of law, including, but not limited to 35 U.S.C. § 285; and

j) Award NEC any other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

**JURY DEMAND**: NEC requests a trial by jury on all issues so triable.

Dated: September 3, 2004

Respectfully submitted,

By: _____

**SIMPSON THACHER & BARTLETT LLP**
GEORGE M. NEWCOMBE (Bar No. 202898)
JEFFREY E. OSTROW (Bar No. 213118)
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

**SUGHRUE MION, PLLC**
ROBERT M. MASTERS
CARL J. PELLEGRINI
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

Attorneys for NEC Corporation

## CIVIL LOCAL RULE 3-16 CERTIFICATION

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

NEC USA, Inc., a wholly owned subsidiary of Plaintiff NEC Corporation.

NEC America, Inc., a wholly owned subsidiary of NEC USA, Inc.

Dated: September 3, 2004

By: _____

**SIMPSON THACHER & BARTLETT LLP**
GEORGE M. NEWCOMBE (Bar No. 202898)
JEFFREY E. OSTROW (Bar No. 213118)
3330 Hillview Avenue
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

**SUGHRUE MION, PLLC**
ROBERT M. MASTERS
CARL J. PELLEGRINI
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 293-7060
Facsimile: (202) 293-7860

Attorneys for NEC Corporation